IN THE UNITED STATES DISTRICT COURT   FILED

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff/Respondent,

v.

            Civ. No. 05-1141 JP/RLP
            Cr. No. 03-0766 JP

JOSE LUIS FARIAS-BLANCO,

     Defendant/Petitioner.

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2255. Mr. Farias-Blanco is represented by counsel. He is currently serving a 150-month sentence pursuant to a Plea Agreement entered into on August 12, 2004. He did not file a direct appeal and brings this § 2255 Motion with new counsel, arguing that previous counsel rendered ineffective assistance by (1) failing to file an appeal when requested to do so; and (2) agreeing to a term of imprisonment that violated both *United States v. Blakely*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

2.     On August 12, 2004 Mr. Farias-Blanco entered into a Plea Agreement pursuant to Fed.R.Cr.P. 11(c)(1)(C). [Cr. Doc. 514]. In the Plea Agreement, the parties stipulated that the term of imprisonment would be 150 months. *Id.* at ¶ 5(a). Mr. Farias-Blanco waived his appeal rights if the agreed-upon sentence was imposed. *Id.* at ¶ 15.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

At the Plea Hearing, Mr. Farias-Blanco indicated that he was satisfied with counsel's representation; that the Plea Agreement had been read to him in Spanish; and that he discussed it with counsel before signing it. Transcript of Plea Hearing, 5:2-3; 20-23. He stated that he understood the terms of the Plea Agreement. Id. 5:24-25;6:1.

3.    At the sentencing hearing held on October 28, 2004 the court stated that he would accept the Rule 11(c)(1)(C) Plea Agreement and impose a sentence of 150 months. Transcript of Sentencing Hearing, 3:15-18. The court specifically asked Mr. Farias-Blanco at that time if he had anything to say; he declined. Id. at 4:3-4.

4.    As grounds for his § 2255 claims, Mr. Farias-Blanco asserts that the alternative sentence in the Presentence Report (PSR) shows, under the Blakely[2] Computation, a base level of 32 and a three-level reduction for acceptance of responsibility, giving a total offense level of 29, which would result in a term of incarceration not to exceed 121 months. Therefore, he argues, the Plea Agreement of 150 months is in excess of the sentencing guidelines and counsel was ineffective for not filing an appeal to correct this error.

5.    He alleges that at the sentencing hearing he was "surprised" at the 150 month term of incarceration and asked counsel if his sentence could be corrected on appeal. He states she failed to respond. Memorandum in Support of Motion to Correct Sentence [Doc. 3] at 6. The Government has filed the affidavit of M. Naomi Salazar, Mr. Farias-Blanco's former attorney, who states that she - with an interpreter - went over the Plea Agreement with Mr. Farias-Blanco. Response [Doc. 9], Exhibit 1 thereto, ¶ 3. She

---

[2] United States v. Blakely, 542 U.S. 296, 124 S.Ct. 2531 (2004).

also states that Mr. Farias-Blanco expressed no surprise at the sentencing hearing at his 150-month sentence. *Id.* at ¶ 4. She has no recollection of him requesting her to file an appeal. *Id.* at ¶ 5.

  6. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Court set forth the analysis used to determine whether counsel was ineffective for not filing an appeal when the client had not clearly conveyed his wishes. Accepting Mr. Farias-Blanco's contention that he *asked counsel if his sentence could be corrected on appeal and she did not respond*, this seems to be an analogous situation to that in *Flores-Ortega*. In such a case, the Court held that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

528 U.S. at 480.

  7. Relevant factors in making this determination include whether the conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for; and whether the plea waived some or all of the appeal rights. *Id.* "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id.*

  8. Mr. Farias-Blanco pled guilty pursuant to Fed.R.Cr.P. 11(c)(1)(C). The term agreed upon by the parties was 150 months. The Plea Agreement waived his appeal rights. He states that he mentioned to counsel about appealing but received no response.

3

Because no written correspondence has been produced to the court, it appears that he orally made his request to counsel. He was sentenced on October 28, 2004, but did not file his § 2255 Motion until October 26, 2005, one year later.

9.    All of the foregoing facts in ¶¶ 2, 3 and 8 militate against Mr. Farias-Blanco's contention that counsel was ineffective for failing to file an appeal on his behalf. There is simply nothing in those facts indicating that he clearly wanted an appeal and on what grounds.

10.    Mr. Farias-Blanco argues that his 150-month sentence violates *Blakely* and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). The Plea Agreement was entered into on August 12, 2004. *Blakely* was decided on June 24, 2004; *Booker* was decided January 12, 2005. *Blakely* held that for the purposes of the Federal Sentencing Guidelines, the Sixth Amendment requires that facts increasing a sentence beyond the statutory maximum must be submitted to a jury. 542 U.S. at --, 124 S.Ct. at 2536. *Booker* held that the Federal Sentencing Guidelines are advisory, not mandatory. 543 U.S. at --, 125 S.Ct. at 756. "*Booker* does not apply retroactively to initial habeas petitions . . . . *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005). And, although *Blakely* was decided before the Plea Agreement, it has no application to Mr. Farias-Blanco because his Plea Agreement was entered into pursuant to Rule 11(c)(1)(C).

11.    As noted by the Tenth Circuit Court of Appeals, a Rule 11(c)(1)(C) plea agreement is binding upon the court once the court accepts the plea. *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) (quoting Rule11(c)(1)(C)). Moreover "'[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself,

4

not from the [Sentencing] Guidelines' . . . ." *Id.* (quoting *United States v. Cieslowski*, 410 F.3d 353, 364-65 (7th Cir. 2005).

12.     The *Blakely* computation has no effect on the Rule 11(c)(1)(C) plea stipulation. *United States v. Martinez*, 139 Fed. Appx. 923 (10th Cir. 2005) (unpublished opinion). If Mr. Farias-Blanco had proceeded to trial and been convicted, he was looking at a total offense level of 40, which includes a two-level enhancement for aggravating role adjustment. For a criminal history category two, this would have resulted in a guideline imprisonment range of 324 to 405 months. PSR at 54, ¶ 273. His sentence of 150 months' imprisonment was less than the statutory guidelines.

13.     To summarize, Mr. Farias-Blanco contends that his Plea Agreement violates *Blakely*, that he should have received a 120-month sentence, and that counsel was ineffective for agreeing to a plea that violated *Blakely* and then not filing an appeal to correct the improper sentence. *Blakely* has no applicability to a Rule 11(c)(1)(C) plea agreement; he bargained for and received a 150-month sentence, which was considerably less than the 324 to 405 month sentence he could have received had he gone to trial; and there was no reasonable inference that he wanted to appeal the term of incarceration.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct the Sentence be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

5